LOUISA J. RANDALL *vs.* FREDERICK E. BRAYTON *et al.*

PROVIDENCE—JUNE 17, 1904.

PRESENT: Tillinghast, Douglas, and Blodgett, JJ.

(1) *Pleading. Joinder of Parties.*

In an action on the case for interference with a right of way, the administrator of the former owner of the land is improperly joined as party defendant with the present owner, as the latter is not responsible for the damages suffered by plaintiff before he owned the land, and the intestate is not responsible for damages caused by action of present owner unless he conveyed the land with covenants of warranty.

(2) *Probate Practice. Presenting Claim to Personal Representative.*

A claim against an intestate for interference with a right of way is one that survives under the statute, but must be presented to the administrator before suit.

TRESPASS ON THE CASE. Heard on exceptions to ruling of District Court, and overruled.

PER CURIAM. This action is trespass on the case for interference with a right of way.

(1) The cause of action alleged is the erection of a fence by Peleg A. Walton, and the continuance of the fence and erection of other impediments by Frederick E. Brayton, who bought the land of Walton. Walton having died, the action is brought against his administrator and Brayton. The defendants severally demurred, on the ground that they were improperly joined; and the administrator demurred also on the ground that there is no allegation that the claim was presented to him according to law before suit was brought. The District Court sustained the demurrers, and the plaintiff has excepted to its ruling.

We think the demurrers were properly sustained, and the exceptions should be overruled. The present owner is not responsible for the damages suffered by the plaintiff before he owned the land, and the intestate is not responsible for damages caused by the action of the present owner unless he conveyed the land with covenants of warranty, which the

declaration does not allege. Wood Nuis. § 828; *Lohmiller*
v *Water-Power Co.*, 51 Wisc. 684–689.

(2)     The claim against the intestate for the erection of the fence
survived under the statute, but it should have been presented
to his administrator before suit. The declaration may be
amended so as to set forth the cause of action, either joint or
several, on which the plaintiff intends to rely.

Exceptions overruled, and cause remanded to the Eighth
District Court for further proceedings.

*Dexter B. Potter and Edward A. Stockwell,* for plaintiff.
*Job S. Carpenter,* for defendant.